UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORINE SYLVIA CAVE,<br>　　　　　Plaintiff,<br>　　v.<br>DELTA DENTAL OF CALIFORNIA,<br>　　　　　Defendant. | Case No. 18-cv-01205-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 10, 12, 18 |

## INTRODUCTION

Plaintiff Norine Sylvia Cave brings this action against defendant Delta Dental of California ("Delta Dental"), alleging claims of bad faith and a violation of Cave's civil rights under the Health Insurance Portability and Accountability Act (HIPAA). Delta Dental moves to dismiss all claims against it. Because I find that Cave's alleged claims fail as a matter of law, I DISMISS WITH PREJUDICE Cave's bad faith and HIPAA claims. But given Rule 15's liberal amendment standard, I GRANT Cave's request to amend her complaint to add claims under section 502 of the Employee Retirement Income Security Act (ERISA).

## BACKGROUND

Cave obtained dental benefits through the Entertainment Industry Flex Plan, group number 07578-00001. Complaint (Compl.), Ex. G at 1 (Dkt. No. 1). On October 21, 2013, Cave consulted with Dr. Suvidha Sachdeva of Coast Dental of Georgia for dental services. *Id.* ¶ 4. As a part of that consultation, Cave received a comprehensive exam and Dr. Sachdeva recommended crown replacements of allegedly fractured veneers on teeth #8 and #9, indicating that the teeth could no longer support veneers due to decay. *Id.* Approximately three months later, Dr. Sachdeva initiated the procedure to replace the crowns on teeth #8 and #9. *Id.* The next day Dr. Sachdeva submitted a benefits claim to Delta Dental for the crowns. *Id.*

On April 30, 2014, Cave filed a grievance with Delta Dental, indicating that she suspected that Dr. Sachdeva had committed fraud in recommending crown replacements. *Id*. Specifically, upon review of Cave's x-rays and documentation, other doctors suggested that teeth #8 and #9 did not require replacement of the veneers. *Id.* Cave believes that Dr. Sachdeva diagnosed otherwise in order to receive payment for the unnecessary dental treatment. *Id*. She alleges that once she filed this grievance, Delta Dental should have examined all records and x-rays to determine whether she actually needed her veneers replaced rather than approved the claim by Dr. Sachdeva. *Id.* ¶ 11.

Delta Dental (a California corporation) responded to Cave's grievance, informing her that California Health and Safety Code section 1371.5, provides that Delta Dental and Dr. Sachdeva are responsible for their own acts or omissions and not liable for the acts and omissions of each other. *Id*. ¶ 5, Ex. B. It also advised her that "the diagnosis for crowns for [her] teeth numbers 8 and 9 were one of the appropriate treatments of choice due to Dr. Sachdeva's documentation that the existing veneers 8 and 9 were chipped." *Id*., Ex. B. But it further told her that it was "unable to confirm or deny the acceptability of [] crown numbers 8 and 9" because Dr. Sachdeva did not submit x-rays of diagnostic quality, meaning that Delta Dental's dental consultant could not have determined whether she needed new crowns prior to Dr. Sachdeva's decision to replace her veneers. *Id.* Cave alleges that a proper review of the x-rays should have resulted in Delta Dental not paying the claim because the x-rays did not reveal any condition that would justify crown treatments. *Id.*¶ 6.

In May 2014, Cave requested copies of the treatment plan and x-rays submitted to Delta Dental by Dr. Sachdeva for her review. *Id.* ¶ 7. Delta Dental denied the request, stating that California Health and Safety Code section 1370 protects the documents that Cave requested from discovery. *Id*., Ex. C. It advised her that she could request copies of treatment notes from the dentist directly under section 123110 of California's Health and Safety Code, requiring that a dentist provide copies of x-rays and records upon written request. *Id*. It also noted that Georgia may have a similar law. *Id*.

On September 10, 2014, Cave responded to Delta Dental's letter with "viable and

sufficient" x-rays in addition to photographs of teeth #8 and #9, taken both before and after the new crowns. *Id.* ¶ 9. According to Cave, these documents demonstrate that her healthy tooth structure made Dr. Sachdeva's crown placements unnecessary. *Id.* Delta Dental responded to this new information in a letter dated October 4, 2014, standing by its prior determination that it was Dr. Sachdeva's responsibility—and not Delta Dental's—to choose the appropriate treatment plan. *Id.*, Ex. D at 2.

A month later, Cave served Delta Dental with a request for "production of documents to a non-party" in connection with litigation she had commenced against Dr. Sachdeva in Fulton County, Georgia. *Id.* ¶ 14. Delta Dental objected to the request for production based on California Evidence Code section 1157 and Health and Safety Code section 1370. *Id.*

On January 24, 2018, Cave filed this action in the Superior Court of California, County of San Francisco. She asserts two causes of action: bad faith and violation of her civil rights under HIPAA. Delta Dental removed the case to the Northern District of California and now moves to dismiss. After it filed its motion to dismiss, Cave filed a motion for continuance, requesting that the hearing on Delta Dental's motion to dismiss be postponed until the Department of Health and Human Services Office of Civil Rights finished its investigation of a complaint Cave filed. Dkt. No. 18.

For the reasons explained below, I DENY Cave's request to postpone consideration of Delta Dental's motion to dismiss or otherwise stay this case pending the resolution of the DHR OCR investigation. I GRANT Delta Dental's motion to dismiss Cave's claims for bad faith because it is preempted by ERISA and her HIPAA claim because there is no private right of action under HIPAA. Those claims are DISMISSED WITH PREJUDICE. However, I am granting Cave leave to amend to assert a breach of fiduciary duty claim under ERISA.[1]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

---

[1] Cave also filed a motion to correct the record with the correct copy of Exhibit E to her Complaint. Dkt. No. 12. That motion is GRANTED.

3

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se pleadings must be held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, a complaint, or portion thereof, should be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

**DISCUSSION**

**I. CONTINUANCE**

Following the completion of the briefing on Delta Dental's motion to dismiss, Cave filed a motion "for continuance," asking me to continue the hearing on Delta Dental's motion to dismiss until sometime after the Department of Health and Human Services Office of Civil Rights had fully investigated and resolved a complaint filed by Cave. Dkt. No. 18. It is unclear who the DHS OCR complaint was filed against or what grounds were asserted in that complaint. It appears that

4

1 Cave may be complaining about Delta Dental's failure to provide her with copies of her "full

2 medical records" (Dkt. No. 18 ¶ 4) and/or about a potential violation of HIPAA. Dkt. No. 19

3 (Delta's Oppo. to Continuance) at 2.

4 As explained below, I conclude that Cave cannot state claims for bad faith and violation of

5 HIPAA as a matter of law and that those claims must be dismissed with prejudice. There is no

6 need to delay the decision on Delta Dental's motion; there is nothing that could come out of the

7 DHS OCR investigation that would affect my resolution of those issues. Therefore, Cave's

8 motion to continue is DENIED.

## II. BAD FAITH

Cave alleges that Delta Dental conducted itself in bad faith when it undertook several actions related to its payment of the claim filed by Dr. Sachdeva: (i) failing to substantiate the need for treatment as dictated by its own standards and procedures, and therefore supporting Dr. Sachdeva's allegedly fraudulent claim; (ii) supporting "chipped veneers" as the basis for crown placements where there was no evidence; (iii) repeatedly denying Cave's request for review/copy of full medical/dental records; and (iv) misapplying California's Evidence Code section 1157 and Health and Safety Code section 1370 to prevent release of her medical records. Compl. ¶ 16.[2] Delta Dental contends that Cave's bad faith claim must be dismissed because it is preempted by ERISA. Even if the bad faith claim is not preempted, Delta Dental asserts that it is barred because liability for bad faith is limited to situations where benefits due are withheld or denied and it is time-barred by the applicable statute of limitations.

Where an insurance policy is governed by ERISA, state law claims related to the processing of claims under that policy are preempted by ERISA. See *Chamblin v. Reliance Stand. Life Ins. Co.*, 168 F. Supp. 2d 1168, 1177 (N.D. Cal. 2001) ("a plaintiff who brings a cause of action for bad faith against an insurer who denies benefits under an ERISA benefit plan is bringing

---

[2] A claim of bad faith such as the one that Cave alleges is also known as a claim for breach of the implied covenant of good faith and fair dealing. *See Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 574 (1973) ("[An insurer that] fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing.").

5

a cause of action for the improper processing of a claim, that such a cause of action is related to the benefit plan and that the claim is therefore preempted by ERISA") (relying on *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489 (9th Cir.1988)). Delta Dental asserts that the insurance policy under which Cave sought dental treatment is governed by ERISA, and Cave does not dispute this fact. Because Cave cannot bring a claim for "bad faith" under California law, any actionable claim related to Delta Dental's processing of her claim must be asserted under ERISA. Cave's "bad faith" claim, therefore, is DISMISSED WITH PREJUDICE.

That said, as clarified by her Opposition to the motion to dismiss (as well as the briefing with respect to her request for a continuance, addressed above), Cave seeks to *address* the substance of her bad faith claim as a breach of fiduciary duty claim under ERISA. *See* Dkt. Nos. 16, 20.[3] As such, Cave is given leave to amend to assert a claim under ERISA with respect to her allegations that Delta Dental breached its fiduciary duties under ERISA by (i) failing to properly investigate the allegations of fraud by Dr. Sachdeva and (ii) failing to turn over Cave's complete medical records and case file upon her request.[4]

### III. VIOLATION OF CIVIL RIGHTS UNDER HIPAA

Cave alleges that, in rejecting her request to obtain and review her medical records, Delta Dental inappropriately relied on section 1370 of California's Health and Safety Code in violation of her right to access her health information under HIPAA pursuant to 45 CFR section 164.524. However, there is no private right of action under HIPAA. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right of

---

[3] I recognize that Cave has not formally made a motion for leave to amend to allege a claim under ERISA, and only requests leave in her Reply in support of her motion for a continuance. Dkt. No. 20. However, given that she is proceeding pro se and given Rule 15's liberal standards for amendment at the inception of a case, Cave is given leave to file an Amended Complaint asserting claims under ERISA.

[4] Even if not preempted by ERISA, Cave's bad faith claim would still fail as a matter of law for the additional reason that an alleged failure to investigate an insured's claim properly may constitute a breach of the implied covenant of good faith and fair dealing *only* if such failure results in wrongfully denied benefits. *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 817 (1979). Here, there is no allegation that Delta Dental failed to pay or denied Cave's claim for benefits. I need not reach Delta Dental's third argument, regarding the statute of limitations, which depends on whether Cave's bad faith claim sounds in tort or breach of contract. *See Archdale v. Am. Intern. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 468 (Cal. App. 2d Dist. 2007).

action"); *see also* 65 Fed. Reg. 82601 (Dec. 28, 2000) ("Under HIPAA, individuals do not have a right to court action."). HIPAA "specifically indicates that the Secretary of Health and Human Services shall pursue the action against an alleged offender, not a private individual." *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) (citation omitted). This means that only the government can bring a claim against Delta Dental for violation of HIPAA. Accordingly, because Cave cannot bring a claim under HIPAA, her second cause of action is DISMISSED WITH PREJUDICE. As with her bad faith claim, Cave is given leave to amend to assert a claim under ERISA with respect to the alleged improper denial of access to her medical records.

## CONCLUSION

For the reasons discussed above, Cave's claims for bad faith and violation of civil rights under HIPAA are DISMISSED WITH PREJUDICE. However, Cave is given leave to amend for the limited purpose of pleading claims for breach of fiduciary duty under ERISA related to Delta's processing of her claim and the alleged failure to provide her with the documents she requested. If Cave wishes to take advantage of this limited leave to amend, she must file an Amended Complaint asserting claims under ERISA within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 30, 2018

William H. Orrick
United States District Judge