UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORINE SYLVIA CAVE,<br><br>  Plaintiff,<br><br>  v.<br><br>DELTA OF CALIFORNIA,<br><br>  Defendant. | Case No. 18-cv-01205-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. Nos. 37, 39 |

## INTRODUCTION

Plaintiff Norine Sylvia Cave brings this action against defendant Delta Dental of California ("Delta Dental"), asserting claims related to a "fraudulent" and unnecessary procedure her former dentist provided to her. Cave argues that Delta Dental is at fault because it: (i) should never have approved payment to the dentist for the procedure; (ii) failed to fully investigate her grievance and fraud allegation (*e.g.*, investigate whether the claim ("Claim") by her dentist should have been approved and paid); and (iii) failed to provide her with all copies related to its approval of the Claim and its investigation of her grievance. However, as explained below, there is no authority under ERISA by which Cave can challenge Delta Dental's decision to reimburse or otherwise pay the Claim submitted by her dentist and no grounds to hold it liable to Cave regarding the investigation of her grievance about the payment. There is authority for requiring Delta Dental to provide Cave with copies of all records related to the handling of the Claim and investigation of her grievance; as described below, it has done that.

While Cave is obviously upset about the procedure performed by her dentist, which she asserts was unnecessary and resulted in pain and suffering, there is no viable claim Cave can assert against Delta Dental with respect to those injuries. Therefore, its motion to dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE.

**BACKGROUND**

On October 21, 2013, Cave consulted with Dr. Suvidha Sachdeva of Coast Dental of Georgia for dental services. First Amended Complaint ("FAC") ¶ 22 (Dkt. No. 36). As a part of that consultation, Cave received a comprehensive exam. Dr. Sachdeva recommended crown replacements of allegedly fractured veneers on teeth #8 and #9, indicating that the teeth could no longer support veneers due to decay. *Id.* Dr. Sachdeva based this recommendation on x-rays taken at the consultation, which she used to mislead Cave concerning the condition of her veneers as well as the condition of her teeth. *Id.*

On January 1, 2014, Cave obtained benefits through The Entertainment Industry Flex Plan ("Flex Plan"), group number 07578-00001 (an ERISA plan). She returned to Dr. Sachdeva on January 27, 2014 for the procedure to replace the crowns on teeth #8 and #9 as recommended by Dr. Sachdeva. *Id*. Dr. Sachdeva subsequently submitted a benefits Claim to Delta Dental for the crowns. *Id*.

Due to "great concern and realization of Dr. Sachdeva's falsified diagnosis," on April 30, 2014, Cave filed a grievance with Delta Dental, indicating that she suspected that Dr. Sachdeva had committed fraud in "wrongfully and intentionally" recommending crown replacements. *Id.* ¶ 23. Specifically, upon review of Cave's x-rays and documentation, other doctors suggested that teeth #8 and #9 did not have the amount of decay that would require replacement of the veneers. *Id.* Seemingly because of these alternate diagnosis, Dr. Sachdeva recanted that she detected the decay through the x-rays, but rather that she had relied on visual means to detect decay. *Id.* But Dr. Sachdeva could not provide any documentation to substantiate such visual means and did not document such decay in her patient notes dated January 27, 2014, merely noting that "patent wants crowns." *Id.* Cave believes that Dr. Sachdeva diagnosed otherwise in order to receive payment for the unnecessary dental treatment. *Id*. ¶ 24. She alleges that once she filed her grievance with Delta Dental, it should have examined all records and x-rays to determine whether Cave actually needed her veneers replaced, rather than simply approve the Claim by Dr. Sachdeva. *Id.* ¶ 11.

On May 28, 2014, Delta Dental responded to Cave's grievance, informing her that under California Health and Safety Code section 1371.5, Delta Dental and Dr. Sachdeva are responsible

for their own acts or omissions and not liable for the acts and omissions of each other. *Id*. ¶ 25, Ex. 102. It also advised Cave that "the diagnosis for crowns for [her] teeth numbers 8 and 9 were one of the appropriate treatments of choice due to Dr. Sachdeva's documentation that the existing veneers 8 and 9 were chipped." *Id*., Ex. 102. It explained that it was "unable to confirm or deny the acceptability of [] crown numbers 8 and 9" because Dr. Sachdeva did not submit x-rays of diagnostic quality, meaning that Delta Dental's dental consultant could not have determined whether she needed new crowns prior to Dr. Sachdeva's decision to replace her veneers. *Id.* Cave alleges that "[t]his admission clearly violates Delta's required policy to evaluate and determine every proposed treatment plan in the case of two or more crowns." *Id.* ¶ 28. Specifically, she contends that "Delta was required, by its own policies, to deny the proposed treatment plan submitted by Dr. Sachdeva of Coast, based on insufficient x-rays as cited in their May 28, 2014 response letter." *Id.* She asserts that a proper review of the x-rays should have resulted in Delta Dental not paying the Claim because the x-rays did not reveal any condition that would justify crown treatments. *Id.*¶ 30.

After Delta Dental's "erroneous support of Dr. Sachdeva's treatment plan with its clear discrepancies," Cave requested copies of the treatment plan and x-rays submitted to Delta Dental by Dr. Sachdeva for her review. *Id.* ¶ 31. Delta Dental denied the request, stating that California Health and Safety Code section 1370 protects the documents that Cave requested from discovery. *Id*. ¶ 32, Ex. 103. It advised her that she could request copies of treatment notes from the dentist directly under section 123110 of California's Health and Safety Code, which requires a dentist to provide copies of x-rays and records upon written request. *Id*., Ex. 103. It noted that Georgia, where Cave resides, may have a similar law. *Id*.

On September 10, 2014, Cave responded to Delta Dental's letter, providing it with "viable and sufficient" x-rays in addition to photographs of teeth #8 and #9, taken both before and after the new crowns. *Id.* ¶ 36. According to Cave, these documents demonstrate that her healthy tooth structure made Dr. Sachdeva's crown placements unnecessary. *Id.* These documents were given to Delta Dental by Cave to reveal and support her contention that Dr. Sachdeva committed fraud. *Id.* It responded to this new information in a letter dated October 4, 2014, standing by its prior

3

determination that it was Dr. Sachdeva's responsibility—and not Delta Dental's—to choose the appropriate treatment plan and it presumed that Dr. Sachdeva had provided Cave with the risk and benefits of the treatment. *Id.*, Ex. 105.

On November 1, 2016, Cave served Delta Dental with a request for "production of documents to a non-party" in connection with litigation she had commenced against Dr. Sachdeva in Fulton County, Georgia. *Id.* ¶ 41. This request included "All records of insurance, including policies and declarations, claims history and correspondence to and from providers submitting claims or providers that have treated the insured from January 1, 2010 through today, that in any way represents dental treatment, or reimbursement for dental treatment [Cave]." *Id.* Delta Dental objected to the request for production based on California Evidence Code section 1157 and Health and Safety Code section 1370. Cave asserts that those sections do not apply and do not prevent Delta from releasing the requested records, because her request was not made for a peer review board report. *Id.* ¶ 42.

On January 24, 2018, Cave filed this action in the Superior Court of California, County of San Francisco. Delta Dental removed the case to this court on February 23, 2018. It moved to dismiss and in May 2018, I granted its motion, finding that Cave's cause of action for bad faith was preempted by the Employee Retirement Income Security Act of 1974 (ERISA) and that she could not bring a cause of action under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). May 2018 Order (Dkt. No. 29). I dismissed Cave's initial causes of action with prejudice, meaning that Cave cannot reassert them. But I did grant Cave leave to amend her complaint to assert a breach of fiduciary duty claim under ERISA. *Id.* She filed the FAC and now asserts four causes of action: (1) breach of fiduciary duty under ERISA, (2) breach of implied covenant of good faith, (3) for penalties under section 502(c) of ERISA, and (4) "wrong disbursement." Delta Dental moved to dismiss, arguing that the causes of action Cave asserts and the relief she seeks are not viable given the limited remedies allowed under ERISA.

I held a hearing on Delta Dental's motion on August 15, 2018. At that hearing, I explained my views that Cave's allegations could not state actionable causes of action given ERISA's limited remedy provisions, with the exception that ERISA generally requires Delta Dental to

4

produce to Cave all material records it had regarding the processing of Dr. Sachdeva's Claim and Cave's grievance. Therefore, I directed the parties to meet and confer to identify what, if any documents, Delta Dental had that were relevant to Cave's grievance and had not been produced. I then directed defense counsel to file a declaration identifying whether the parties continue to disagree about records not provided and, if so, the documents Ms. Cave thinks are missing. Dkt. No. 41. Defense counsel filed that affidavit on August 22, 2018. Pursuant to my direction, Cave then filed a response regarding Delta's original and supplemental production of documents on August 29, 2018. Dkt. Nos. 42, 43.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

---

[1] By doing so, I gave the parties notice that I would be considering materials outside of the pleadings and gave them a sufficient opportunity to submit evidence on this narrow issue. That process essentially converted this narrow claim – whether Delta provided Cave all relevant documents in its possession regarding Cave's claim – into one to be determined under Rule 56. *See, e.g., In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998). Both sides have been "fairly appraised" by my requesting evidence outside the pleadings and the parties' submission of those materials. *Id.*

5

fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se pleadings must be held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, a complaint, or portion thereof, should be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

**DISCUSSION**

**I. BREACH OF FIDUCIARY DUTY**

In the FAC, Cave alleges that Delta Dental breached its fiduciary duty under ERISA in the following ways: (1) by not verifying the authenticity of the x-rays submitted by Dr. Sachdeva prior to disbursement of plan benefits; (2) by not properly adhering to its own guidelines "put in place to comply with ERISA guidelines requiring it to act in the best interests of it participants"; (3) by failing to thoroughly investigate her allegation of fraud by Dr. Sachdeva; (4) by willfully withholding her protected health information ("PHI") and other information regarding its investigation of Dr. Sachdeva's Claim and Cave's grievance; and (5) by wrongfully disbursing funds to Dr. Sachdeva for the procedure. FAC ¶¶ 44-46, 49-50, 52-53. Cave seeks relief under sections 502(a)(2), 502(a)(3), and 502(c) of ERISA. *See id.* ¶¶ 16-17, 20, 38, 44-45, 51-53, 55. In terms of relief, Cave seeks the "restoration" of the money back to Delta Dental that it paid Dr. Sachdeva for the procedure, an order compelling it to provide Cave with her "full medical records," penalties for the failure to produce the records, and punitive damages due to its failure to follow its own protocols in paying claims and investigating fraud, as well for its refusal for provide Cave her medical records. *Id.* ¶¶ 56-59.

**A. Section 502(a)(2)**

Section 502(a)(2) allows the Secretary of Labor, participants, beneficiaries, and fiduciaries to bring suit for breaches of fiduciary duty. 29 U.S.C. § 1132(a)(2). The purpose of Section

6

502(a)(2) is to "give[ ] a remedy for injuries to the ERISA plan as a whole ... not for injuries suffered by individual participants as a result of a fiduciary breach." *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1189 (9th Cir.2010). After considering both the statutory language in ERISA and its legislative history, the Supreme Court concluded that ERISA's "draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 (1985). The Court noted that "the crucible of congressional concern was misuse and mismanagement of plan assets by plan administrators" and that "the common interest shared by all four classes [who may bring suit under Section 502(a)(2)] is in the financial integrity of the plan." *Id*. at 140 n. 8, 141 n. 9. Therefore, to state a claim for fiduciary breach under Section 502(a)(2), a plaintiff "must allege that the fiduciary injured the benefit plan or otherwise jeopardized the entire plan or put at risk plan assets." *Wise*, 600 F.3d at 1189.

In her opposition, Cave asserts that "individual participants in defined contribution plans may recover losses incurred in their own accounts." However, while a participant in a defined contribution plan may bring a section 502(a)(2) action for "fiduciary breaches that impair the value of plan assets in a participant's individual account," *see LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008), there is no evidence that the Plan at issue[2] is a defined contribution plan (*e.g.,* a defined contribution pension plan) or that Delta Dental's action in impermissibly paying a claim has impaired the value of the Plan's assets. *See* 29 U.S.C. § 1002(34) ("The term "individual account plan" or "defined contribution plan" means a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account").

Moreover, as explained in *Wise*, in order to state a claim under this provision, Cave must allege facts showing that claims *other than her own* were mishandled. Cave has not. Given the narrow focus of her allegations, she cannot do so. *Wise*, 600 F.3d at 1189.

Cave has not stated and cannot state a claim under 502(a)(2).

---

[2] The Entertainment Industry Flex Plan.

7

**B.     Section 502(a)(3)**

Under section 502(a)(3), a participant or beneficiary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C.A. § 1132(a)(3). The Supreme Court has construed "appropriate equitable relief" to mean the categories of relief that were typically available in equity courts before the merger of law and equity. *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011).

Remedies that are appropriate under section 502(a)(3) include injunctive relief, reformation of a plan, estoppel, or an "equitable surcharge." *CIGNA Corp*, 563 U.S. at 440. In contrast, the remedies of the sort Cave seeks here, including forcing Delta Dental to "take back" the funds it paid to Dr. Sachdeva and punitive damages, are not forms of equitable relief allowed under this section. *See, e.g., Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 218 (2002); *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (502(a)(3) does not allow remedies for compensatory or punitive damages).[3]

## II.     FAILURE TO PRODUCE RECORDS AND REQUSET FOR PENALTIES UNDER SECTION 502(C)

The failure to provide plan documents to a plan participant can be an actionable breach of fiduciary duty. *See, e.g., Cultrona v. Nationwide Life Ins. Co*., 748 F.3d 698, 706–07 (6th Cir. 2014); 29 U.S.C. § 1024(b)(4). The documents required to be produced under this section are documents regarding *the plan*, maintained by the plan administrator. *See id*. at 706-07 (The documents that "a plan administrator" must furnish to a participant or beneficiary include the plan, the summary plan description, annual or terminal reports, applicable bargaining or trust agreements or other instruments under which the plan is operated).

The documents sought by Cave were not relevant to the creation or operation of the Plan under which she was insured; instead, she sought documents regarding the approval of Dr.

---

[3] Cave does not plead, and on the facts alleged cannot plead, that Delta owes her unpaid benefits under the Plan pursuant to 502(a)(1).

Sachdeva's Claim and grievance investigation by Delta Dental. For this reason, Cave's request for penalties for failure to produce requested records fails. *See* 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c–1 (increasing statutory damages from $100 to $110 a day); *see also Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1162 (9th Cir. 2016) ("Penalties under 29 U.S.C. § 1132(c)(1) can only be assessed against 'plan administrators' for failing to produce documents that they are required to produce as plan administrators. 29 C.F.R. § 2560.503–1(h)(2)(iii) does not impose any requirements on plan administrators, and so cannot form the basis for a penalty under 29 U.S.C. § 1132(c)(1).").

Even though Cave cannot seek penalties against Delta Dental under Section 502(c), under 29 C.F.R. § 2560.503–1(h)(2)(iii), it was arguably required to provide Cave documents regarding its approval of Dr. Sachdeva's Claim and investigation of her grievance. *See* 29 C.F.R. § 2560.503-1 (h)(2)(iii) & (m)(8).[4] Assuming that this is a viable cause of action, the record shows that Delta Dental has, albeit belatedly, complied with Cave's request for the material records regarding Dr. Sachdeva's Claim and her grievance.[5]

In the affidavit submitted by Delta Dental following the hearing on the motion to dismiss, it attests that it has provided all records regarding Dr. Sachdeva's Claim and Cave's grievance, making its most recent production on August 22, 2018. Dkt. No. 42. In Cave's response and in further correspondence submitted to the court, she identified records that she believes were missing from Delta Dental's most recent production. However, those documents were either in Cave's possession already (as having been sent *by her* to Delta Dental or to her dentist, or were

---

[4] (h)(2)(iii) provides that "the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review" unless the claims procedure provide that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." (m)(8) provides that documents which are "relevant" under (h)(2)(iii) include those: (i) relied upon in making the benefit determination; (ii) submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; and (iii) demonstrate compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination.

[5] As noted, the parties were put on notice that I would be considering evidence outside of the pleadings, thereby converting the motion on this narrow issue into one under Rule 56.

produced by Delta Dental in 2016) or do not exist or are otherwise not in Delta Dental's possession (*e.g.*, diagnostic quality x-rays from Dr. Sachdeva, clinical notes used by Delta Dental's consultants to approve the Claim or evaluate her grievance). Dkt. No. 43.[6]

Therefore, even if Delta Dental was in violation of ERISA's requirements when it failed to initially provide Cave all of the documents relevant to the Claim and her grievance, it has corrected that omission. As a result, no injunctive relief is appropriate. As noted above, punitive or other damages are not available remedies under ERISA.

Therefore, Cave's claims under ERISA are dismissed WITH PREJUDICE.[7]

## III. OTHER CLAIMS

As Cave acknowledges in her Opposition, in my prior Order I gave her leave to amend for the limited purposes of pleading claims under ERISA. Oppo. at 5. To the extent she continues to allege claims based on non-ERISA theories (*e.g.*, breach of good faith and fair dealing and "wrongful disbursement"), those claims cannot be stated for the reasons described in my prior Order. Dkt. No. 29.

---

[6] In her response to Delta Dental's affidavit, Cave complains that the records produced show that it violated its own policies by approving Dr. Sachdeva's Claim to perform the work on Cave without possession of diagnostic quality x-rays. She also complains that, even considering the inferior x-ray copies, it should have seen that the work contemplated and then performed by Dr. Sachdeva was not appropriate and should not have been approved or paid. In addition, in correspondence submitted to the court by Cave following the filing of Delta Dental's affidavit and Cave's response, Cave again complains that Delta Dental has not produced documents "substantiating" the basis of why it approved payment to Dr. Sachdeva for the procedure. Because Cave is proceeding pro se, I will consider her September 13, 2018 and September 17, 2018 emails and have them filed in the docket. However, those emails confirm that her main complaint is Delta Dental's improper approval of Dr. Sachdeva's Claim for reimbursement for the procedure performed on Cave, either because it did not have in its possession diagnostic quality x-rays or because it did not properly review the x-rays it had and improperly approved the procedure. As described in my prior and current Orders, those claims are not cognizable under ERISA as a violation of Delta Dental's fiduciary duty to Cave.

[7] In addition, given the dismissal of her remaining claims, I need not consider whether Cave's fiduciary duty claims are barred by the applicable statute of limitations. I note that if she could assert a breach of fiduciary duty claim, under 29 U.S.C. § 1113(2), that claim should have been filed within three years after the earliest date on which the plaintiff had actual knowledge of the breach. Cave knew of the existence of Delta Dental's purported liability – failure to produce documents and failure to follow its own policies regarding what claims would be approved and how – back in 2014, more than three years prior to the date she filed her lawsuit. That additional documents were produced in 2016 that she believes *confirm* her theory that Delta Dental failed to follow its own policies does not alter that it knew of the existence of her claim back in 2014.

**CONCLUSION**

Cave's FAC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 23, 2018

William H. Orrick
United States District Judge